UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-03959-SPG-SSC | Date: June 10, 2025 |
| Title | Clifton Kerr v. Jennifer C. Wong, et al. | |

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order to Show Cause Why Complaint Should Not Be Dismissed for Failure to Serve Properly**

On May 2, 2025, Plaintiff Clifton Kerr, proceeding *pro se*, filed this civil rights action pursuant to 28 U.S.C. § 1983. (ECF 1.) On May 23, 2025, Plaintiff filed a first amended complaint (FAC). (ECF 7.) A summons was issued the same day. (ECF 8.) The FAC names the following defendants: (1) The State of California; (2) Jennifer C. Wong, an individual; (3) Melissa Coutts, an individual; (4) Jovonne M. Phillips, an individual; (5) Superior Court Judge Leslie Gutierrez, in her individual and official capacity; (6) District Court Bankruptcy Judge Neil Bason, in his individual and official capacity; and (7) Kathy A. Dockery, Chapter 13 Trustee, in her individual and official capacity. (ECF 7 at 1, 10.) On May 28, 2025, Plaintiff filed a proof of service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-03959-SPG-SSC          Date: June 10, 2025

Title   Clifton Kerr v. Jennifer C. Wong, et al.

purporting to have served the summons and complaint. (ECF 10.) Defendants have not appeared in this action.

# I

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a defendant must be served with the summons and complaint no later than 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Absent a showing of good cause, if a defendant is not served timely, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

Proper service of a summons and complaint upon an individual may be effectuated by personally delivering a copy of both to an individual, leaving a copy of both at the individual's dwelling with someone of suitable age and discretion who resides there, or delivering a copy of both to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(2). Service may also be made according to the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1).

California, through its Code of Civil Procedure, permits various methods of service upon an individual within the state: personal delivery of a copy of the summons and complaint (Section 415.10); substituted service if personal delivery is not possible with reasonable diligence (Section 415.20(b)); service by first-class mail with an executed acknowledgment of receipt of summons (Section 415.30); and service by publication with court authorization (Section 415.50).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-03959-SPG-SSC          Date: June 10, 2025

Title     Clifton Kerr v. Jennifer C. Wong, et al.

    A California public entity may be served by "delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Code Civ. P. § 416.50. The state also permits service "on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." Cal. Code Civ. P. § 416.90.

    To serve a United States agency or a United States employee sued in his or her official capacity, service must be made upon the United States, and a copy of the summons and complaint must be sent to the agency or employee by registered or certified mail. Fed. R. Civ. P. 4(i)(2). To serve a United States employee sued in an individual capacity, regardless whether the employee is also sued in an official capacity, service must be made upon the United States and upon the employee in accordance with Rule 4(e). Fed. R. Civ. P. 4(i)(3).

    A domestic corporation or partnership must be served in accordance with Rule 4(e)(1), or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized to receive service of process. Fed. R. Civ. P. 4(h)(1).

**II**

    Plaintiff's proof of service is deficient, and Plaintiff does not appear to have served properly any defendant. Plaintiff's proof of service purported to have served the summons and complaint on Defendants "by USPS certified mail, return receipt requested . . . per FRCP Rule 4(h)(1) and CCP § 415.30." (ECF 10 at 2–3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-03959-SPG-SSC          Date: June 10, 2025

Title    Clifton Kerr v. Jennifer C. Wong, et al.

    As to the state code cited, Plaintiff did not file acknowledgements of receipt of summons for any defendant as required for service under Section 415.40 of the California Code of Civil Procedure.  Further, the federal rule cited by Plaintiff pertains to service upon a corporation, partnership or association (despite having no such defendants), and, in any event, does not permit service by mail alone.  Fed. R. Civ. P. 4(h)(1).

    Further, the FAC indicates that several defendants are named in both their individual and official capacities.  (ECF 7 at 10.)  However, only a single proof of service has been filed, and it does not indicate in what capacity each defendant was served.  Thus, it appears that Plaintiff has not attempted proper service in both capacities.

### III

    Due to these deficiencies, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed for Plaintiff's failure to effectuate service as required by Rule 4.  Plaintiff shall file his response to this order no later than **June 30, 2025**.

    **Plaintiff is cautioned that if he fails to file a timely response to the order as directed above, the action will be subject to dismissal without prejudice for failure to prosecute and obey Court orders pursuant to Rule 41 of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

                                                                                                                          :
Initials of Preparer       ts